IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD


KALA YVETTE ROSE,

               Petitioner,

v.                                    Case No. 1:14-cv-13314

BARBARA RICKARD, Warden,
Federal Prison Camp Alderson,

               Respondent.


## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1).  This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's section 2241 petition (ECF No. 1) and **DISMISS** this matter from the docket of the court.

## BACKGROUND AND PETITIONER'S CLAIMS

**A.    The petitioner's conviction and direct appeal.**

On August 6, 2010, the petitioner pled guilty, pursuant to a written plea agreement, in the United States District Court for the Western District of Missouri to one count of conspiracy to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and one count of conspiracy to commit money laundering in

violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (h). (*United States v. Rose*, Case No. 4:09-cr-00121 (W.D. Mo. Aug. 6, 2010), ECF Nos. 178-182).   On February 16, 2011, the petitioner was sentenced to 96 months of imprisonment on each count.  Those sentences were ordered to run concurrently, followed by an aggregate four-year term of supervised release.  (*Id.*, Judgment, ECF No. 258).  The petitioner did not file a timely direct appeal of her convictions and sentences in the United States Court of Appeals for the Eighth Circuit; nor has she filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.[1]

### B.    The petitioner's present section 2241 petition.

On March 26, 2014, the petitioner filed the instant section 2241 petition (ECF No. 1) and Memorandum in support thereof (ECF No. 2), asserting that, in light of the United States Court of Appeals for the Fourth Circuit's decisions in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and *United States v. Miller*, 735 F.3d 141 (4th Cir. 2013), certain prior convictions should not have been used to calculate her criminal history category and determine her sentencing guideline range.   Specifically, the petitioner contends that she was improperly attributed one point for a misdemeanor conviction from August 27, 1997; one point for a misdemeanor conviction from February 17, 1999; two points for a felony conviction from August 17, 2001 and one point for a misdemeanor conviction from January 20, 2010, with a possible two-level increase pursuant to section 2S1.1(b)(2)(B) of the United States Sentencing Guidelines.  (ECF No. 2 at 1).[2]  Thus, the

---

[1] However, the petitioner unsuccessfully filed a Motion to Reduce Sentence under 18 U.S.C. § 3582 pursuant to Amendment 782 of the United States Sentencing Guidelines.  The District Court found that the petitioner had previously been granted a downward variance pursuant to 18 U.S.C. § 3553 and a sentence below the amended Guideline range was imposed.  (*Id.*, Order, ECF No. 567).

[2]   The undersigned was unable to access the petitioner's Presentence Investigation Report on PACER to confirm the context for the attribution of these criminal history points.

petitioner claims that she was prejudiced by receiving a longer term of incarceration based upon this information. (*Id.* at 2).

Because it plainly appears that the petitioner is not entitled to the relief requested in this court, the undersigned has not required the respondent to answer the petition.

## ANALYSIS

### A.      The petitioner is not entitled to relief under section 2241.

The petitioner's claims clearly challenge the validity of her sentence, and not the manner in which the sentence is being executed.  Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Western District of Missouri.  Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.  28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention.  *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").  *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause."  The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention.  *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, the court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that she may pursue such relief under section 2241.  The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination.  The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334.

Although the petitioner appears to be asserting that, pursuant to *Simmons* and *Miller*, which are Fourth Circuit cases,[3] there has been an intervening change in substantive law that retroactively affects the calculation of her sentence, the authority she relies upon does not involve a decision that has changed the substantive law such that the <u>conduct of which she was convicted is deemed not to be criminal</u>.  Rather, the petitioner simply asserts that the *Simmons* decision calls into question whether certain prior convictions should have counted towards her criminal history category calculation under the Sentencing Guidelines, which does not implicate the savings clause.  *See Almendarez-*

---

[3] The undersigned notes that the petitioner was convicted and sentenced by a court within the jurisdiction of the Eighth Circuit.

*Torres v. United States*, 523 U.S. 224, 247 (1998); *see also Alleyne v. United States*, 133 S. Ct. 2151, 2160 & n. 1 (2013) (a prior conviction used in conjunction with recidivist enhancements is a sentencing factor, not an "element" of a triggering crime).

Furthermore, although the petitioner has not previously filed a section 2255 motion in the court of conviction, any such motion would now likely be untimely under 28 U.S.C. § 2255(f) and would thus be procedurally barred. As noted above, the savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255 and will not permit review of the petitioner's claims by this court under section 2241.

The undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of her detention and, thus, her claims are not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claims contained in her section 2241 petition.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1) and **DISMISS** this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules

1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the petitioner and to transmit a copy to counsel of record.

November 8, 2016

Dwane L. Tinsley
United States Magistrate Judge

6